# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| AUBREY POLK, on Behalf of Herself and on Behalf of All Others Similarly Situated, § § § **Plaintiff,** § § V. § § HASS INTERESTS, LLC d/b/a TEXAS § EXECUTIVE COURIERS and § AMAZON.COM SERVICES, INC., § § **Defendants.** § | **CIVIL ACTION NO. 4:19-cv-1149** **JURY TRIAL DEMANDED** |

# PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY

1.  Defendants, Hass Interests, LLC d/b/a Texas Executive Couriers and Amazon.com Services, Inc. (jointly referred to hereinafter as "Defendants" and/or "Amazon"), have failed to pay Plaintiff and other delivery drivers ("Delivery Drivers') the appropriate overtime wages when they work more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.  Plaintiff, Aubrey Polk, and the similarly situated employees he seeks to represent, are current and former employees of Amazon who worked as delivery drivers during any work week within the last three years (hereinafter referred to as the "Class Members").

3.  Defendants' pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated Delivery Drivers.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, Aubrey Polk, lives in the Southern District of Texas. Plaintiff was formerly employed by Defendants as a Delivery Driver from on or about 5/1/18 to 2/28/19. His written consent is attached hereto as Exhibit 1.

7. The class of similarly situated employees consists of all delivery drivers who worked for Defendants within the last three years (hereinafter referred to as the "Class Members").

8. Hass Interests, LLC d/b/a Texas Executive Couriers is a domestic limited liability company that is licensed to do business (and is doing business) in the State of Texas. Hass Interests, LLC d/b/a Texas Executive Couriers may be served through its registered agent: April Wiggins, 3506 Travis St., Houston, TX 77002.

9. Amazon.com Services, Inc. is a Delaware corporation that is licensed to do business (and is doing business) in the State of Texas. Amazon.com Services, Inc. may be served through its registered agent: Corporation Service Company, 50 Weston Street, Hartford, CT 06120.

10. Amazon.com Services, Inc. at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Defendant conducts business throughout Texas. Furthermore, Defendant contracted with and employed Texas residents, like Plaintiff and Class Members, to conduct its business in Texas.

## FLSA Coverage

11. At all times relevant to this dispute, Defendants have been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

12. At all times relevant to this dispute, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

13. At all times relevant to this dispute, Defendants have had annual gross sales in excess of $500,000.

14. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## The Facts

15. Amazon.com Services, Inc. provides an e-commerce marketplace for the purchase of products online. Amazon.com Services, Inc. delivers products directly to the customer's home via Delivery Drivers it jointly employs with local entities, such as Hass Interests, LLC d/b/a Texas Executive Couriers.

16. Plaintiff was hired to work as a delivery driver for Defendants from on or about 5/1/18 to 2/28/19.

17. Plaintiff was classified as a W-2 employee and was hourly paid.

18. Plaintiff delivered Amazon products purchased online directly to Defendants' customers.

19. Plaintiff was required to wear a uniform with the "Amazon" logo.

20. Plaintiff was required to report to Amazon's warehouse at the beginning of each shift.

21. However, Defendants did not pay Plaintiff for the time spent preparing, loading, and receiving packages for delivery. Defendants paid Plaintiff when he began his deliveries. As such, Plaintiff was not compensated for approximately 30 minutes to an hour of work time at the start of each shift.

22. As a result, Plaintiff was not paid for time worked over forty each work week at the federally mandated time-and-a-half rate. On average, Plaintiff was not paid for approximately 3 hours of overtime each workweek.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by Defendants as a delivery drivers within three (3) years from the filing of this suit who, like Plaintiff, have not been compensated at least the full overtime rate of pay for all hours worked in excess of 40 each week.

24. Defendants pay all of its Delivery Drivers in the manner described above. In this regard, Defendants maintain a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

25. Defendants' Delivery Drivers all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similarly situated to Plaintiff.

26. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

27. Defendants possess the names and addresses of all Class Members in their records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity

to join. Like Plaintiff, these similarly situated workers are entitled to recover their overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

> **"All of Defendants' current and former Delivery Drivers who worked for Defendants during any workweek three years prior and up to the time notice of the lawsuit is provided."**

## CAUSES OF ACTION

28. Plaintiff incorporates the allegations in the preceding paragraphs.

29. Plaintiff and the Class Members were not paid the correct overtime rate of pay when they worked more than forty (40) hours in a workweek.

30. Defendants' failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) year statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

31. Plaintiff and the Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## JURY DEMAND

32. Plaintiff hereby demands a trial by jury.

## PRAYER

33. Plaintiff respectfully requests that judgment be entered against Defendants awarding him and all similarly situated employees:

   a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and a half times his regular rate of pay;

   b. An equal amount as liquidated damages;

  c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

  d. Such other and further relief as may be required by law.

       Respectfully submitted,

       SHELLIST | LAZARZ| SLOBIN LLP


  By: */s/Robert R. Debes, Jr.*
     Robert R. Debes, Jr.
     Texas Bar No. 05626150
     bdebes@eeoc.net
     Ricardo Prieto
     Texas Bar of No. 24062947
     rprieto@eeoc.net
     11 Greenway Plaza, Suite 1515
     Houston, Texas 77046
     Telephone: (713) 621-2277
     Facsimile: (713) 621-0993

     ATTORNEYS FOR PLAINTIFF
     & CLASS MEMBERS